

# IN THE
# TENTH COURT OF APPEALS

### No. 10-09-00387-CR

**AARON ZANE SOMERS,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 272nd District Court
### Brazos County, Texas
### Trial Court No. 08-00910-CRF-272

## MEMORANDUM OPINION ON REMAND

Aaron Somers appealed from his conviction for intoxication manslaughter, for which he was sentenced to twelve years in prison. TEX. PEN. CODE ANN. § 49.08 (West 2011). On original submission, this Court affirmed the judgment of the trial court. *Somers v. State*, 333 S.W.3d 747 (Tex. App.—Waco 2010, pet. granted) ("*Somers I*"). The Court of Criminal Appeals reversed our decision in part on the only ground before it and determined that an enzyme-multiplied immunoassay technique, or EMIT test, is scientifically reliable. *Somers v. State*, 368 S.W.3d 528 (Tex. Crim. App. 2012) ("*Somers*

*II*").  That Court remanded this proceeding to this Court to determine whether the trial court abused its discretion by excluding the expert testimony regarding the results of the EMIT test of the victim's blood.  Because we find that the trial court did not abuse its discretion, we affirm the judgment of the trial court.  The scope of this opinion is limited to the issue remanded from the Court of Criminal Appeals.  *See Somers II*, 368 S.W.3d at 545.  Because we resolved Somers's other issues in our prior opinion, we will not address them here.  *See, generally, Somers I*, 333 S.W.3d at 747.

## *Admission of Evidence*

Somers complains that the trial court abused its discretion by refusing to admit expert testimony regarding the results of the EMIT test conducted on the victim's blood because the results of the EMIT test would have aided his defense, which was that the victim was already deceased at the time of the collision due to a heart attack from cocaine use.  The State contends that the testimony setting forth and explaining the results are not relevant or that even if it was relevant, the potential for undue prejudice is substantially greater than the probative value.  Because the facts were set forth at length in prior opinions, we will not restate them here except as necessary to our disposition.

## *Standard of Review*

An appellate court may not disturb a trial court's evidentiary rulings absent an abuse of discretion.  *Winegarner v. State*, 235 S.W.3d 787, 790 (Tex. Crim. App. 2007).  As

long as the trial court's decision was within the zone of reasonable disagreement and was correct under any theory of law applicable to the case, it must be upheld. *Id.* (*citing Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (en banc) (op. on reh'g)). The exclusion or admission of evidence does not result in reversible error unless it affects a substantial right of the accused. *See* TEX. R. APP. P. 44.2(a), (b).

*Relevance*

Before admitting expert testimony, the Texas Rules of Evidence require a trial judge to make three separate inquiries: qualification, reliability, and relevance. *See Vela v. State*, 209 S.W.3d 128, 131 (Tex. Crim. App. 2006); *see also* TEX. RS. EVID. 104(a), 401, 402, & 702. Pursuant to relevance, the inquiry is whether admitting the expert testimony will actually assist the fact finder in deciding the case. *See Vela*, 209 S.W.3d at 131. Rules 401 and 402 render testimony admissible only if it "tend[s] to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." TEX. R. EVID. 401; *see Vela*, 209 S.W.3d at 131.

*Analysis*

In her dissent to the majority's opinion in *Somers*, Judge Johnson of the Court of Criminal Appeals stated:

> Both [experts] testified that EMIT testing could not reveal when cocaine was ingested, how it was ingested, how much was ingested, how many times the user had used cocaine, whether the user was a frequent user, or whether the user had overdosed. Even considering the

unconfirmed results of the EMIT test, the complainant could have ingested cocaine 10 minutes or four days before the collision.

The cause of death, blunt force trauma, does not correlate to use of cocaine, but it does correlate to a violent collision between two automobiles. The state's collision reconstruction witness testified that the complainant's car was struck from the rear while it was in gear and stopped on the shoulder of the road with the left tires on or close to the white fog line. With its tires pointing straight ahead and traveling at about 60 miles per hour, the right front of appellant's truck struck the left rear of the complainant's car with no indication of any avoidance maneuvering or hard braking before the point of impact. About half the width of each vehicle was within the zone of impact. Even if the complainant had ingested cocaine just before impact, it could have no relevance in a crash in which appellant literally ran up the complainant's tailpipe, causing her car to violently rotate 180° and his car to use her left rear quarter panel as a spring board with enough force to launch his 5000-pound truck into a double layout somersault with a full twist. In the face of such evidence, cocaine use at some indeterminate time in some indeterminate amount had no relevance or probative value. The trial judge correctly ruled that the unconfirmed EMIT test would not be admitted, and that ruling should be affirmed.

*Somers II*, 368 S.W.3d 528, 549 (Tex. Crim. App. 2012) (Johnson, J. dissenting).

We agree with Judge Johnson's dissent that the evidence was not relevant. The record contains no evidence that Briggs was dead from a cocaine-induced heart attack prior to the collision caused by Somers. Briggs sustained severe spinal cord injuries in the accident and blunt force trauma was ruled to be the cause of death. There was no damage to Briggs's heart or other sign of a cocaine-induced heart attack found in the autopsy. We find that the trial court's decision to exclude the testimony and the results of the EMIT test were within the zone of reasonable disagreement and therefore the trial

court did not abuse its discretion.  We overrule issue two from Somers's original submission.[1]

*Conclusion*

Having found that the trial court did not abuse its discretion in the exclusion of the evidence, we affirm the judgment of the trial court.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Affirmed
Opinion delivered and filed August 1, 2013
Do not publish
[CR25]

---

[1] Based on arguments made at the oral argument in this cause post-remand, in our review of Somers's argument that the victim was already dead as the result of a cocaine-induced heart attack at the time of the collision, we asked the parties to brief the issue of concurrent causation and the resuscitation of the victim.  Given our disposition of the issue we now find it unnecessary to address that argument.